IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DZMITRY AUDZEICHYK**,<br><br>    Petitioner,<br><br>    v.<br><br>**JAMAL L. JAMISON**, et al.,<br><br>    Respondents. | CIVIL ACTION<br><br>NO. 26-1408-KSM |

**ORDER**

**AND NOW**, this 6th day of March, 2026, upon consideration of Petitioner Dzmitry Audzeichyk's Petition for Writ of Habeas Corpus (Doc. No. 1), the Court finds as follows:

1.    Petitioner, a citizen of Belarus, entered the United States on September 14, 2022 at the San Ysidro Port of Entry and was apprehended by the Department of Homeland Security ("DHS"). (*Id.* at 1.) Petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5),[1] with parole set to expire on September 13, 2023. (*Id.*) Petitioner was also served with a Notice to Appear in Immigration Court in Philadelphia, Pennsylvania for removal proceedings pursuant to 8 U.S.C. § 1229a.[2] (*See* Doc. No. 1-3; Doc. No. 4 at 4–5.) The Notice to Appear identified Petitioner as

---

[1] Section 1182(d)(5)(A) authorizes DHS to "parole into the United States temporarily under such conditions as [it] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Such parole is "not to be regarded as an admission" of the noncitizen and once the "purposes of such parole" are served, the noncitizen must "return or be returned to the custody from which he was paroled," with the understanding that his "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id*. This discretionary parole provision is the only exception to mandatory detention under § 1225(b). *Vazquez-Rosario*, 2026 WL 196505, at *4 ("With the exception of discretionary parole under Section 1182(d)(5)(A), 'there are no other circumstances under which aliens detained under Section 1225(b) may be released.'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018)) (alteration adopted)).

[2] Section 1229a outlines the normal procedure for removal, including an inadmissibility proceeding before an immigration judge. 8 U.S.C. § 1229a(a)(1).

an "arriving alien" and charged him with being subject to removal from the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I).³ (*See* Doc. No. 1-3 at 2, 4.)  On February 13, 2023, before the expiration of his parole, Petitioner filed an I-589 Application for Asylum based on "persecution he suffered in his native Belarus due to his opposition to that country's dictatorial government." (Doc. No. 1 at 1–2.)  As of March 4, 2026, his asylum application remains pending.  (*Id.* at 2.)

2. Petitioner has spent the last three years living with his wife and young daughter in Philadelphia, and during that time, has maintained lawful employment while he awaits a ruling on his asylum application.  (Doc. No. 1 at 2.)  On March 4, 2026—more than two years after the automatic termination of his parole—Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") during a "regularly scheduled appointment" with ICE officials.  (*Id.*)  He is currently detained at the Federal Detention Center ("FDC"), Philadelphia, where he is being held without the opportunity for a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A).⁴  (*Id.* at 1, 11.)

---

³ Section 1182(a)(7)(A)(i)(I) deems "inadmissible" any noncitizen who "at the time of application for admission . . . is not in possession of a . . . valid entry document."

⁴ Section 1225 "provides the procedure by which the Government may subject certain 'applicants for admission' to mandatory detention." *Vazquez-Rosario v. Noem*, No. 25cv7427, 2026 WL 196505, at *3 (E.D. Pa. Jan. 26, 2026).  Section 1225(a)(1) explains that a noncitizen is deemed an "applicant for admission" if they are "present in the United States" and "have not been admitted or . . . arrived in the United States . . . whether or not at a designated port of arrival."  8 U.S.C. § 1225(a)(1).  Section 1225(b), in turn, "requires mandatory detention of two types of 'applicants for admission'": (1) those who qualify for expedited removal (i.e., removal from the United States without further hearing or review), and (2) those who are "seeking admission" but not "clearly and beyond a doubt entitled to be admitted."  *Vazquez-Rosario*, 2026 WL 196505, at *3–4 (quoting 8 U.S.C. § 1225(b)(2)(A)).  Here, the Government relies on the latter category, not the former.  Under that provision, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending a removal proceeding.  8 U.S.C. § 1225(b)(2)(A).

Section 1226, by contrast, authorizes the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States."  *Id.* § 1226(a).  But unlike a noncitizen detained under § 1225, a noncitizen detained under § 1226 may be released while they await a decision on removal.  *Id.* (granting the Attorney General discretion to either detain the noncitizen *or* to release the noncitizen on bond or conditional parole).  Immigration authorities are tasked with the "initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge."  *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)).  "At the hearing, the noncitizen 'may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.'"  *Id.* (quoting *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019)).  If released, the bond

3.      On March 4, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his detention without a bond hearing pursuant to Section 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA"), the bond regulations promulgated pursuant to the INA, and the Due Process Clause of the Fifth Amendment.  (Doc. No. 1 at 14–16.)  The Government[5] opposes the Petition, arguing that the Court should deny habeas relief because when Petitioner's parole automatically terminated in September 2023, he was to be "return[ed] to the custody from which he was paroled at the border," i.e., mandatory detention pursuant to Section 1225(b)(2)(A).  (Doc. No. 4 at 4–5.)[6]

4.      But, as other Courts in this District have explained, § 1225(b)(2)(A) says nothing about "arriving aliens."  *See Murodov v. Jamison*, No. 26cv594, 2026 WL 413440, at *2 (E.D. Pa. Feb. 13, 2026) ("Murodov applied for admission at a port of entry in November of 2023 and a [Customs and Border Patrol] agent indicated he was an 'arriving alien' on his Notice to Appear, so the Government concludes he must be detained under § 1225(b)(2).  But nowhere does § 1225(b)(2) mention 'arriving alien.'"); *Alekseev v. Warden, Phila. Fed. Detention Ctr.*, No. 26cv462, 2026 WL 413439, at *3 (E.D. Pa. Feb. 13, 2026) (same).  And even though an "arriving alien" qualifies as an "applicant for admission" under § 1225(b), "an applicant for

---

remains subject to revocation.  *See* 8 U.S.C. § 1226(b) (providing that the Attorney General may "at any time revoke" the noncitizen's "bond or parole . . . , rearrest the alien under the original warrant, and detain" them).

[5] Petitioner names four government officials as Respondents:  (1) Jamal L. Jamison, Warden of the FDC; (2) Michael T. Rose, Field Office Director of Enforcement and Removal Operations for ICE's Philadelphia Field Office; (3) Kristi Noem, the former Secretary of DHS; and (4) Pamela Bondi, United States Attorney General (collectively, the "Government").  (Doc. No. 1 at 1.)

[6] Here, the Government does not advance the "various jurisdictional arguments" that it advanced in "many of its prior responses filed in this district."  (Doc. No. 4 at 5 n.3.)  For the reasons discussed in those prior cases, the Court is satisfied that we have jurisdiction in this case.  *See, e.g.*, *Kashranov v. Jamison*, No. 25cv5555, 2025 WL 3188399, at *4 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25cv6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025).

admission must be 'seeking admission' for § 1225(b)(2) to apply." *Murodov*, 2026 WL 413440, at *2. Petitioner, who has been present in the country for years, was not actively "seeking admission" at the time of his arrest. *See, e.g.*, *id.*; *Kashranov*, 2025 WL 3188399, at *6; *Cantu-Cortes*, 2025 WL 3171639, at *2.[7, 8]

      6.      Accordingly, the Court finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b)(2), and therefore, the Government's refusal to provide a bond hearing violates the INA. *Murodov*, 2026 WL 413440, at *3. Courts have held that the right to a bond hearing is not merely statutory, but constitutional: "When the Government detains an alien under Section 1226, the alien has due process rights, including a right to an individualized detention and a bond hearing." *Kashranov*, 2025 WL 3188399, at *5; *see also, e.g.*, *Patel v. McShane*, No. 25cv5975, 2025 WL 3241212, at *2 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. 25cv6007, 2025 WL 3229307, at *1 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes*, 2025 WL 3171639, at *2. Because ICE's mandatory detention of Petitioner without a bond hearing

---

[7] The Fifth Circuit's recent opinion in *Buenrostro-Mendez v. Bondi*, does not change the Court's interpretation of the relevant statutory language. No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). As a preliminary matter, decisions of the Fifth Circuit are not binding on this Court, and are, at most, persuasive authority. *See United States v. Maury*, 695 F.3d 227, 259 n.27 (3d Cir. 2012) ("Of course, the decisions of other circuits, while persuasive, are not binding on the district courts in this Circuit."). And, as the Court explained in *Vimos v. Federal Detention Center, Philadelphia*, we are not persuaded by the Fifth Circuit's reasoning in that case. *See* No. 26cv780, 2026 WL 381173, at *5 n.12 (E.D. Pa. Feb. 11, 2026); *see also, e.g.*, *Olimov v. Jamison*, 26cv532, 2026 WL 596155, at *3–4 (E.D. Pa. Mar. 3, 2026). Instead, the Court reaffirms its prior holdings that Section 1226 governs the detention of undocumented immigrants who are present in the United States and not ***actively*** seeking admission.

[8] "The only provision in the INA that speaks of 'arriving aliens' is § 1225(b)(1)," which authorizes the removal of arriving aliens "'without further hearing or review'" pursuant to "'an expedited removal process.'" *Murodov*, 2026 WL 413440, at *2 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018)). But the Government does not claim that Petitioner has ever been subject to expedited removal proceedings, nor does it claim that he is currently being detained under § 1225(b)(1). *See Murodov*, 2026 WL 413440, at *2; *Alekseev*, 2026 WL 413439, at *3.

violates the INA and the Due Process Clause of the Fifth Amendment, habeas relief is warranted. 28 U.S.C. § 2241(c)(1), (3); *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *8.[9]

For those reasons, it is **ORDERED** that the Petition is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2. The Government shall **RELEASE** Petitioner from custody **immediately**. Counsel shall certify compliance with this Order by filing on the docket no later than **5:00 p.m. EST on March 6, 2026**.

3. The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4. If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings. Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District.

---

[9] Because the Court finds Petitioner is entitled to habeas relief on his INA and constitutional claims, we need not consider his arguments that detention violates the INA bond regulations.

Any such request must include an explanation for the request as well as the proposed destination. The Court will then determine whether to grant the request and permit transfer.

      5.      The Clerk of Court shall mark this matter **CLOSED.**

**IT IS SO ORDERED.**

                                            /s/*Karen Spencer Marston*
                                            _____
                                            **KAREN SPENCER MARSTON, J.**